UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HERCULES LIFTBOAT COMPANY, L.L.C. | CIVIL ACTION NO. 6:11-cv-02111 |
| VERSUS | JUDGE DOHERTY |
| LAWRENCE RICE, JR. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the Court is defendant Lawrence Rice, Jr.'s motion to compel the plaintiff, Hercules Liftboat Company, L.L.C., to produce copies of statements taken from witnesses to the incident of October 5, 2011, on which this lawsuit is based. (Rec. Doc. 16). The motion is opposed. Oral argument was held on September 25, 2012. After review of the pleadings, the relevant jurisprudence, and the arguments advanced by counsel at the hearing on the motion, and for the reasons explained in open court, the motion is denied.

### Background

On October 5, 2011, Mr. Rice was employed by Hercules as a mate on the LB Rainbow Runner. It is undisputed that he got into some type of altercation with the vessel's captain, Dominic Lowe, on that date. Whether the altercation was physical

in nature is very much in dispute. Mr. Rice claims that the captain pushed him, injuring his knee and low back.

Hercules filed this declaratory judgment action, arguing that it does not owe Mr. Rice for maintenance and cure because the medical conditions he complains about did not manifest aboard the vessel and because, even if they did, Mr. Rice was the aggressor in the altercation that he claims caused his injuries. Mr. Rice filed a counterclaim against Hercules and the vessel's captain, seeking to recover maintenance and cure and also claiming that he was terminated in retaliation for filing his counterclaim.

Mr. Rice now seeks to compel Hercules to produce the statements that Hercules obtained from the witnesses to the altercation between Mr. Rice and Captain Lowe.

## ANALYSIS

Mr. Rice argues that the witness statements should be produced because they are not protected by the attorney work-product doctrine or, alternatively, that any such privilege was waived. Hercules argues that the witness statements are protected by the attorney work-product doctrine, arguing that Hercules hired counsel regarding the October 5 incident on October 12, and that its counsel instructed adjusters R.L. Judge and Associates to obtain witness statements in anticipation of litigation. In

response to the plaintiff's written discovery requests seeking production of the witness statements, Hercules objected but listed the names of the persons whose statements had been taken. The plaintiff could have deposed them, or in some instances, possibly even obtained statements of his own. To date, however, the plaintiff has sought to take only the vessel captain's deposition.

A document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation."[1] To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance."[2] The involvement of an attorney is not dispositive but is highly relevant.[3]

---

[1] *In re Kaiser Aluminum & Chemical Co.*, 214 F.3d 586, 593 (2000); *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

[2] *Elec. Data Sys. Corp. v. Steingraber*, No. 4:02CV225, 2003 WL 21653414, at *5 (E.D. Tex. July 9, 2003); *Piatkowski v. Abdon Callais Offshore, LLC*, No. Civ.A-99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).

[3] *In re Rainbow Marine Contractors, Inc.*, No. 09-4516, 2010 WL 3023363, at *2 (E.D. La. July 30, 2010).

The witness statements at issue in this case were obtained by Hercules's representatives shortly after the incident occurred but only after counsel was retained and only after counsel requested that the statements be obtained. The undersigned therefore finds that the witness statements were obtained in anticipation of litigation.

The attorney work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. This doctrine provides qualified protection of documents and tangible things prepared in anticipation of litigation, including a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements.[4] This doctrine protects documents and other tangible things that are prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation.[5] The work-product doctrine does not protect materials assembled in the ordinary course of business.[6] The party seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation.[7] The

---

[4]    *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991).

[5]    *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 118 (W.D. La. 1998).

[6]    *Id*.

[7]    *Id*. at 117; *United States v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978).

undersigned finds that the witness statements in dispute in this lawsuit fall within the parameters of documents protected by the privilege.

The work-product privilege is not automatically waived by disclosure of protected material to third parties, but disclosure does waive protection if it substantially increases the opportunity for potential adversaries to obtain the information.[8] The burden of proving waiver of work-product protection falls on the party seeking the production not on the party claiming the privilege.[9] Mr. Rice has not presented any evidence that the information in the witness statements has been disclosed to an adverse party. Therefore, the undersigned finds that there has been no waiver of the privilege. The mere fact that the vessel captain remains employed by Hercules does not waive the protections afforded by the privilege. Similarly, the sharing of the statements with the captain's counsel, pursuant to a joint defense agreement, does not waive the privilege.

Under certain circumstances, documents protected by the work-product doctrine must still be produced. To obtain the production of documents protected by the work-product doctrine, the party seeking discovery must prove why those materials should be produced by establishing: (1) a "substantial need of the materials

---

[8] *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010).

[9] *Id.* at 379 n. 10.

in the preparation of the party's case;" and (2) an inability "without undue hardship to obtain the substantial equivalent of the material by other means."[10] Here, Mr. Rice could have obtained the functional equivalent of the witness statements by deposing the persons from whom statements were obtained. This he did not do. Therefore, he has not proven an inability to obtain the substantial equivalent of the material by other means. Accordingly, the statements need not be produced at this time.

## CONCLUSION

For the foregoing reasons, Mr. Rice's motion to compel (Rec. Doc. 16) is DENIED. However, the motion may be reurged in the future if Mr. Rice can show both that there is a substantial need for the statements and an inability to obtain the substantial equivalent of the statements without undue hardship.

Signed at Lafayette, Louisiana, this 26th day of September 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[10] Fed.R.Civ.P. 26(b)(3)(A)(ii). See, also, discussion of these criteria in *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982).